UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-cv-21659-KMW

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

STRATUS PHARMACEUTICALS, INC.
and SONAR PRODUCTS, INC.,
corporations, and ALBERTO HOYO, and
JUAN CARLOS BILLOCH, individuals,

    Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SEAL OR
REDACT CONSENT DECREE OF PERMANENT INJUNCTION**

    Plaintiff, the United States of America, opposes Defendants' motion to seal or redact the Consent Decree of Permanent Injunction (as proposed or entered). After signing a Consent Decree that resolves this case and agreeing to its entry, Defendants now ask the Court to keep the details of that resolution secret. Defendants, however, cannot overcome the strong presumption in favor of public access to judicial records. The public interest in disclosing the terms of the proposed Consent Decree that resolves the government's case against the Defendants for their violations of the Federal Food, Drug, and Cosmetic Act (the "FDCA" or "Act") vastly outweighs Defendants' purported reasons for nondisclosure.

    With due respect to Defendants' arguments, we respectfully submit that Defendants have not met their burden of providing good cause to justify redacting or sealing the Consent Decree of Permanent Injunction. Importantly, sealing the Consent Decree would have little to no impact as Defendants' violations of the Act and its implementing regulations and the proposed Consent

Decree have already been referred to and discussed in extensive detail in other publicly-accessible documents, including the Complaint, Defendants' opposition to entry of the Consent Decree,[1] and Defendants' filings in related litigation in New Jersey state court.  Moreover, Defendants' primary reason for seeking the proposed redactions or seal—damage to business interests—falls well short of overcoming the strong presumption that court proceedings, and judgments in particular, should be accessible to the public.  Because Defendants' past violations and the proposed Consent Decree are not secret and no valid reason exists why the proposed Consent Decree should be kept secret, we respectfully submit that Defendants' motion to seal or redact the Consent Decree, as proposed or entered, should be denied.

## ARGUMENT

A strong presumption exists in favor of public access to judicial records.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).  The need for public access is further accentuated where the government is a party.  *See Federal Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 413 (1st Cir. 1987) (affirming trial court's unsealing of defendant's financial statements supporting entry of a consent decree).  Where the government is a party, "the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch."  *Id.* at 410.

### A. Defendants Cannot Overcome the Strong Presumption in Favor of Public Access Under the Common-Law Good Cause Standard.

The common-law right of public access to the judicial record establishes a general presumption that civil actions should be conducted publicly.  *See Federal Trade Comm'n v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013).  "The common-law right of access to

---

[1] Defendants have rescinded their opposition to entry of the proposed Consent Decree.  *See* D.E. 12.

federal courts is designed to promote public understanding of significant public events, including what a court does and how a court goes about adjudicating cases." *Id.* at 70-71 (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)).  Consent decrees enjoy an especially strong presumption in favor of public access.  *See Equal Emp't Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996) (holding that sealing consent decree was reversible error).  "A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions."  *Id.* at 1409; *see also Smith v. JLG Indus., Inc.*, No. CIVIL ACTION NO. H-06-3885, 2008 U.S. Dist. LEXIS 17385, *1 (S.D. Tex. Mar. 6, 2008) ("There is a strong public policy in favor of public access to judicial proceedings, most particularly as relates to a court's order or decree, embodying a settlement.") (quoting *Equal Emp't Opportunity Comm'n*, 98 F.3d at 1409).

In *Chicago Tribune*, the Eleventh Circuit explained that in order to overcome the strong presumption in favor of public access to judicial documents, a party seeking protection must show "good cause" why the records should be sealed.  *Chicago Tribune*, 263 F.3d at 1310.  To determine whether a party's interest in keeping information confidential outweighs the strong public interest in accessing court documents, courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."  *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Consideration of the *Romero* factors demonstrates that Defendants have not shown—and cannot show—"good cause" why the Consent Decree should be sealed or redacted.  Unlike here,

*Chicago Tribune* involved discovery materials and brief excerpts alleged to be trade secrets, and not sealing materials invoking judicial resolution on the merits (i.e., proposed Consent Decree) or a court's decision. *See Chicago Tribune*, 263 F.3d at 1308. Presumption of public access applies to materials that "invoke judicial resolution of the merits, such as complaints, motions to dismiss, or motions for summary judgment." *AbbVie,* 713 F.3d at 63 (internal quotation and citation omitted). Defendants cannot argue that the proposed Consent Decree—a critical document supporting the request for, and detailing the scope of, this Court's injunctive relief—does not invoke judicial resolution. Nor do Defendants claim that the proposed Consent Decree contains confidential commercial information. *See id.* at 58 (affirming the trial court's decision to unseal documents containing confidential commercial information). Furthermore, Defendants do not claim that the proposed Consent Decree is privileged. *See Marshall v. Planz*, 347 F. Supp. 2d 1198, 1207 (M.D. Ala. 2004) (vacating order sealing entire judicial record where public's right to access the judicial record outweighed vague invocations of privilege).

Defendants' primary reason for obscuring the Court's judgment from the public is the alleged harm to its business reputation. *See* D.E. 11 at 5 ("[E]ntry and public disclosure [of the Consent Decree] will have a severely negative impact on the public's perception of Stratus"). In *Wilson v. American Motors Corporation*, the Eleventh Circuit held that "simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access." 759 F.2d at 1570-1571 (reversing trial court's order sealing the trial record) (internal quotations omitted); *see also Chicago Tribune*, 263 F.3d. at 1311.

The other speculative harms alleged by Defendants—e.g. skyrocketing drug prices (D.E. 11 at 5)—are conclusory statements that cannot overcome the strong presumption of public

access. *See Romero,* 480 F.3d at 1247 (holding that conclusory statements do not establish good cause for sealing judicial records). In *Romero*, the sealed documents at issue were a motion for reconsideration and declarations "related both to the merits of the underlying controversy and the conduct of the court." *Id.* at 1246. In reversing the district court's orders sealing the motion and denying a request to unseal the motion, the Eleventh Circuit found that the declarations had neither privacy nor proprietary interests, along with the declarations supporting the "already-public complaint against [Defendants]." *Id.* at 1247. The court noted that "[t]he sealed documents involve public concerns that are at the heart of the interest protected by the right of access: the citizen's desire to keep a watchful eye on the workings of public agencies . . . [and] the operation of government." *Id.* at 1246 (internal quotations and citation omitted). Here, public access to the proposed Consent Decree appropriately, and critically, allows the public and regulated industry to see when and how the FDCA is being enforced.

Defendants' assertion that "FDA's goals in the instant enforcement action have been accomplished" ignores the forward-looking aspect of consent decrees to prevent future violations by the firm. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations."); *Sec. & Exch. Comm'n v. Graham*, 823 F.3d 1357, 1361 (11th Cir. 2016) ("Injunctions . . . typically look forward in time."). Eliminating public access to the proposed Consent Decree would also frustrate the important deterrent effect that entry of such consent decrees has on regulated industry. As a practical matter, Defendants' instant motion is merely a request for the Court to enforce the law in secret.

Defendants assert that their violations of the FDCA are the fault of Defendant Sonar Products, Inc.'s former president, Mark Newman (*see* D.E. 11 at 1-2, 5); however, the Complaint's allegations pertain not only to Sonar Products, Inc., but also to Stratus

Pharmaceuticals Inc., Alberto Hoyo, and Juan Carlos Billoch. *See* D.E. 1 at ¶11 ("Hoyo . . . was identified . . . as the most responsible person for Sonar."); ¶12 ("Billoch . . is responsible for the day-to-day operations of Stratus"); ¶25 ("Stratus processes, labels, holds, and distributes . . . unapproved new drugs."). Thus, the same reasons supporting the denial of Defendants' motion to seal the proposed Consent Decree and this Court's judgment equally apply to the denial of redacting certain Defendants' names from said documents.

Defendants have not claimed that the proposed Consent Decree, which is a product of extensive negotiations, is unreliable. As Defendants do not oppose the entry of the proposed Consent Decree (*see* D.E. 12), they cannot claim that it is "unconstitutional, unlawful, unreasonable, or contrary to public policy." *See Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997).

Finally, and perhaps most importantly, the proposed Consent Decree and this Court's judgment concern public officials and public concerns. *See Romero*, 480 F.3d at 1246. This litigation involves the governmental agency charged with implementing and enforcing the Act, the United States Food and Drug Administration ("FDA"), and its enforcement of Defendants' violations of the Act, which are matters of significant public concern, and thus the threshold showing required for sealing the judicial record is elevated. *See Standard Fin. Mgmt. Corp.*, 830 F.2d at 412 (affirming denial of sealing financial documents underpinning entry of consent decree). Defendants cite to no legal authority for sealing a consent decree entered pursuant to the FDCA's injunction authority, 21 U.S.C. § 332, nor can they. FDA would be unduly prejudiced if Defendants were permitted to hide from public view the reasons for, or the terms of, FDA's enforcement. FDA has used publicly-accessible consent decrees to enforce the FDCA for decades. Publicly-accessible consent decrees allow the public—particularly the entities

regulated under the Act—to see how the provisions of the FDCA are being enforced to protect the public health. Defendants' instant motion seeks to illegitimately hide these governmental actions from public view.

### B. Defendants Cannot Overcome the Strong Presumption of Public Access Under the Constitutional Compelling Interest Standard.

The constitutional right to public access to the judicial record requires that "where . . . the [court] attempts to deny access in order to inhibit disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Newman v. Graddick*, 696 F.2d 796, 802 (11th Cir. 1983) (quoting *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 606-07 (1982)). "Given the importance of this right of access, the sealing of court records is carefully scrutinized." *Marshall*, 347 F. Supp. 2d at 1207. In *Newman*, the Eleventh Circuit reversed the district court's denial of an application to inspect and copy prisoner lists where reasons for denying public access were neither established nor outweighed by the presumption of access to court proceedings. 696 F.2d at 803-04. In determining whether a compelling interest exists for denying disclosure, the Eleventh Circuit identified several factors:

> [W]hether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records.

*Id*. at 803 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-603 & n. 11 (1978)).

Because Defendants cannot overcome the presumption of public access under the more lenient common-law right of access standard articulated in *Chicago Tribune*, it logically follows that they also fail under the constitutional compelling interest standard. *See Wilson*, 759 F.2d at 1571 (applying the *Newman* standard). Defendants have not argued that the proposed Consent Decree or this Court's judgment would be used for illegitimate purposes. Indeed, the whole

point of public access to the Consent Decree is to have the public understand the terms of FDA's enforcement of the FDCA, which promotes public understanding of historically significant events.

As discussed above Defendants' assertion that potential damage to their business interests outweighs the public right to access is unsound and unsupported. Even if harm to reputational interest was enough to overcome the strong presumption that court proceedings should be open, a publically filed Complaint names all Defendants and details alleged violations of the FDCA, and Defendants have publically disclosed the terms of the Consent Decree in state filings. *See Sonar Prods. Inc. v. Newman*, No. BER-L-10687 (N.J. Sup. Ct. Law Div. 2017); *Romero*, 480 F.3d at 1247 (finding that improperly sealed declarations supported already-public complaint). Defendants' assertion that an unsealed Consent Decree would cause reputational harm is thus untenable, as the Consent Decree seeks to resolve, remedy, and prevent the alleged violations that are already public. Despite the detailed and publicly-available reasons for FDA's enforcement, Defendants inexplicably claim that the public should be kept in the dark because "there is no further public need to know about the reasons[.]" D.E. 11 at 4. Given this history, it serves no purpose for Defendants to ask this Court to hide the terms of enforcement from the public.

## CONCLUSION

"Here, as in so many other instances, justice is better served by sunshine than by darkness." *Standard Fin. Mgmt. Corp.*, 830 F.2d at 413.  Regardless of the test the Court uses, Defendants cannot overcome the strong presumption in favor of public access to the judicial record.  For the reasons stated, Plaintiff respectfully requests that Defendants' motion to seal or redact the proposed Consent Decree or the Court's judgment be denied.

Dated:  June 7, 2017

|  |  |
|---|---|
|  | Respectfully submitted, |
| Of Counsel: | BENJAMIN G. GREENBURG<br>Acting United States Attorney<br>Southern District of Florida |
| JEFFREY S. DAVIS<br>Acting General Counsel<br>United States Department of<br>   Health & Human Services | JAMES A. WEINKLE<br>Assistant United States Attorney<br>99 N.E. 4th Street, Suite 300<br>Miami, Florida 33132<br>Tel.:  (305) 961-9290<br>james.weinkle@usdoj.gov |
| ELIZABETH H. DICKINSON<br>Chief Counsel<br>Food and Drug Administration |  |
| PERHAM GORJI<br>Deputy Chief Counsel, Litigation | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division |
| JOSHUA A. DAVENPORT<br>Associate Chief Counsel for Enforcement<br>United States Department of<br>   Health & Human Services<br>Office of the General Counsel<br>Food and Drug Division<br>10903 New Hampshire Avenue<br>Silver Spring, MD 20993-0002<br>Tel.:  (301) 796-6717<br>Fax:  (301) 847-8638<br>joshua.davenport@fda.hhs.gov | MICHAEL S. BLUME<br>Director<br>Consumer Protection Branch<br><br>/s/ Monica C. Groat<br>MONICA C. GROAT<br>JACQUELINE BLAESI-FREED<br>Trial Attorney<br>Consumer Protection Branch<br>United States Department of Justice<br>P.O. Box 386<br>Washington, DC  20044<br>Tel.:  (202) 532-4218<br>Fax:  (202) 514-8742<br>monica.c.groat@usdoj.gov<br>jacqueline.m.blaesi-freed@usdoj.gov |

## CERTIFICATE OF SERVICE

    I certify that on this 7th day of June 2017, the foregoing Plaintiff's Opposition to Defendants' Motion to Seal or Redact Consent Decree of Permanent Injunction was filed via the Court's CM/ECF system and served upon ECF-registered counsel for all parties to this proceeding.

                                                  /s/ *Monica. C. Groat*
                                                  MONICA C. GROAT